UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHNNIE BONNER,

        Plaintiff,　　　　　　　　　　　　Case No. 2:17-cv-11863
　　　　　　　　　　　　　　　　　　　　　Hon. Denise Page Hood
v.

HEIDI E. WASHINGTON, KEN ROMANOWSKI,
FNU FISHER, FNU ROBINSON, KIM CARGOR,
SERGEANT BOYD, ADRIAN L. GREEN,
FNU TAYLOR, JANE/JOHN DOE PAROLE
BOARD MEMBER, MICHAEL J. SZAPPAN,
FNU RICHARDSON, FNU SCOTT, PATRICK CLARK,
CHAD DUFFING, ALEXIS KRAFT, TANZE TABB,
DAVEE LEIANN HUNTER, FNU HANCOCK,
JOHN DOE OFFICER, and JOHN DOE WARDEN,

        Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR COUNSEL, ETC. [3],
DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
EXHIBITS IN THE TRADITIONAL MANNER [4],
DENYING PLAINTIFF'S MOTION FOR A TRO [10],
AND SUMMARILY DISMISSING THE COMPLAINT [1]**

**I. Introduction**

This matter has come before the Court on plaintiff Brian Johnnie Bonner's *pro se* motions and civil rights complaint under 42 U.S.C. § 1983. (Document Nos. 1, 3-4, and 10, filed on June 7 and July 6, 2017.) Plaintiff is a state prisoner

currently housed at the St. Louis Correctional Facility in St. Louis, Michigan.[1] The defendants are state correctional officials, state parole officials, and a private citizen. The complaint makes the following claims: (1) Plaintiff was denied a certificate of discharge from parole in violation of state law; (2) Plaintiff was denied protective custody after notifying staff that his life was in danger; (3) Plaintiff was stabbed, denied medical treatment, and written a false misconduct report for incite to riot; (4) Plaintiff was subjected to endless retaliation for filing the civil complaint in case number 2:14-cv-10196; and (5) Plaintiff's parole violation hearing was "judge-shopped" after he was found not guilty and then recharged. (Document No. 1, page 8.)

In an emergency motion filed with the complaint, Plaintiff seeks: (1) to add new claims to old claims that were filed in case number 2:14-cv-10196; (2) to have counsel appointed for him; and (3) to seal the motion and to add two new unnamed defendants to this action. (Document No. 3, filed on June 7, 2017). In another motion filed with the complaint, Plaintiff states that he would like to have certain exhibits filed in the traditional manner instead of electronically. (Document No. 4, filed on June 7, 2017). More recently Plaintiff filed an emergency motion for a temporary restraining order on the basis that his life is in danger. (Document No. 10, filed on July 6, 2017.)

---

[1] Plaintiff was confined at the Carson City Correctional Facility in Carson City, Michigan when he filed his complaint.

## II. Legal Framework

The Court has granted Plaintiff permission to proceed without prepaying the fees and costs for this action. Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). "]D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

### III. Analysis

### A. The Complaint

Plaintiff's complaint and other filings fail to set forth a cohesive statement of facts. There is no chronological statement of the events in question, and the rambling, repetitive allegations about seemingly unrelated events, without references to dates, locations, or other details, make it difficult to understand what happened to cause the alleged constitutional violations. And even though Plaintiff contends that the defendants have threatened him, falsely charged him with prison

misconduct, and mishandled his parole proceedings, he has failed to explain what each defendant did to violate his rights.

Plaintiff does say that parole agent Patrick Clark bribed and extorted money from him, testified falsely against him, and arranged to have him arrested on false charges of violating the conditions of parole, (Document No. 1, page 9.) But even those allegations are conclusory, as Plaintiff has failed to provide the Court with specific details about Clark's activities. The Court, therefore, is unable to draw the reasonable inference that Clark is liable for the misconduct alleged.

The allegations about defendants Heidi Washington, Ken Romanowski, resident unit manager Fisher, and correctional officer Robinson also are vague. Plaintiff alleges that Washington, Romanowski, Fisher, and Robinson conspired to retaliate against him for filing a prior complaint against Washington and others. But to prevail on a retaliation claim, a plaintiff must prove three things:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Although Plaintiff engaged in protected conduct when he filed the prior lawsuit, he has failed to show that his prior lawsuit was the "substantial or motivating factor" in the defendants' alleged retaliatory conduct. *Smith v.*

*Campbell*, 250 F.3d at 1037 (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Romanowski, Fisher, and Robinson were not parties to that lawsuit, and Ms. Washington was dismissed from the lawsuit. Plaintiff's "conclusory allegations of retaliatory motive 'unsupported by material facts [are] not . . . sufficient to state . . . a claim under § 1983.' " *Harbin Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). Plaintiff, therefore, has failed to state a plausible claim of retaliation by Washington, Romanowski, Fisher, and Robinson.

### B. The Motion and Requests for a Temporary Restraining Order

In his emergency motion for a temporary restraining order, Plaintiff states that his life is in danger and that he has been threatened with new misconduct charges, a delay in releasing him on parole, and even death. (Document No. 10, pages 1-2.) Pursuant to Federal Rule of Civil Procedure 65,

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65

Plaintiff has failed to make a credible showing that he is in danger of immediate and irreparable injury. Although he alleges in his complaint that he fears for his life and was denied protective custody, *see* Document No. 1, pages 8 and 47, he was transferred to another prison after he filed his complaint. *See* Document 7, filed June 28, 2017. And in his emergency motion for a temporary restraining order, Plaintiff appears to be more concerned with certain financial matters and the destruction of documents than he is with his personal safety.

As for the alleged threats to delay Plaintiff's release on parole, this contention is undermined by an exhibit which reveals that Plaintiff is projected to be released on parole on August 10, 2017. *See* Document No. 12, page 4, filed on July 11, 2017. Plaintiff's motion for a temporary restraining order must be denied because Plaintiff has failed to clearly show that he is in danger of immediate and irreparable injury, loss, or damage.

### IV. Conclusion

For the reasons given above, Plaintiff's allegations fail to state a plausible claim for relief under § 1983. The Court, therefore, summarily dismisses the complaint (Document No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court also denies Plaintiff's motion for a temporary restraining order (Document No. 10.) The Court denies as moot Plaintiff's motion for counsel, to seal the document, and to add two defendants (Document No. 3) and Plaintiff's

motion for leave to file exhibits in the traditional manner (Document No. 4).  It is further ordered that an appeal from this decision would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  July 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager