UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHNNIE BONNER,

        Plaintiff,

v.

Case No. 2:17-cv-11863
Hon. Denise Page Hood

HEIDI E. WASHINGTON, KEN ROMANOWSKI,
FNU FISHER, FNU ROBINSON, KIM CARGOR,
SERGEANT BOYD, ADRIAN L. GREEN,
FNU TAYLOR, JANE/JOHN DOE PAROLE
BOARD MEMBER, MICHAEL J. SZAPPAN,
FNU RICHARDSON, FNU SCOTT, PATRICK CLARK,
CHAD DUFFING, ALEXIS KRAFT, TANZE TABB,
DAVEE LEIANN HUNTER, FNU HANCOCK,
JOHN DOE OFFICER, and JOHN DOE WARDEN,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S PENDING MOTIONS
AND REQUESTS (Document Nos. 22, 23, 25, 28, 29, 32, 33)
AND
STRIKING ANY ADDITIONAL MOTIONS OR REQUESTS
AS UNTIMELY UNDER FED. R. CIV. P. 59(e)**

On June 7, 2017, state prisoner Brian Johnnie Bonner ("Plaintiff") filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The defendants named in the complaint were state correctional officials, state parole officials, and a private citizen. Plaintiff asserted in his complaint that: (1) he was denied a certificate of discharge from parole in violation of state law; (2) he was denied protective custody

after notifying staff that his life was in danger; (3) he was stabbed, denied medical treatment, and falsely accused of prison misconduct; (4) he was subjected to endless retaliation for filing a civil complaint in another case; and (5) someone "judge-shopped" his parole violation hearing after he was found not guilty, but recharged. (Document No. 1, page 8).

On July 31, 2017, the Court summarily dismissed the complaint because Plaintiff failed to set forth a cohesive statement of facts and because he made rambling, repetitive allegations about seemingly unrelated events. (Document No. 18). The Court pointed out that Plaintiff's allegations were conclusory and that he had failed to explain what each defendant did to violate his constitutional rights. Although Plaintiff claimed that his life was in danger, he failed to make a credible showing that he was in danger of immediate and irreparable injury.

Currently before the Court are several motions and requests that Plaintiff filed after the Court dismissed his case. Like the complaint, some of the requests and motions are rambling documents which contain conclusory allegations about a variety of unrelated issues and which fail to demonstrate that the defendants personally violated Plaintiff's constitutional rights. *See, e.g.,* Document No. 22 (an emergency motion that requests treatment at Detroit Receiving Hospital, but also includes allegations about ongoing retaliation, assaults, the destruction of material evidence, the mishandling of mail, and the denial of parole); Document No. 23 (a

request for appointment of counsel, which includes allegations about interference with Plaintiff's mail, the destruction of material evidence, ongoing retaliation, the denial of medical treatment, and the misuse of proceeds from a settlement in another case); Document No. 25 (a request for discovery and appointment of counsel with rambling allegations about other issues). Other documents are clearer and more specific, but they seek relief in a different case. *See* Document Nos. 28 and 29 (requesting discovery in case number 2:14-cv-10196). Document 29 also includes a request for a typewritter, but because "prisoners are not prejudiced by the filing of handwritten documents, there is no constitutional right to typewriters." *Kendrick v. Bland*, 586 F. Supp. 1536, 1554 (W.D. Ky. 1984).

This case is closed, yet Plaintiff continues to file documents with rambling and conclusory allegations about a variety of topics and without showing what each defendant did to violate his constitutional rights. It is noted that, "plaintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). A plaintiff who brings multiple claims, regardless of type, against defendants who are spread out at various institutions has fashioned an improper "buckshot" complaint. *Id*. at 779.

The Court, therefore, denies Plaintiff's emergency motion for a court order to go to Detroit Receiving Hospital (Document No. 22). The Court also denies

3

Plaintiff's requests for appointment of counsel, for discovery materials, for a typewriter and investigation. (Document Nos. 23, 25, 28, 29, 32, 33). The Court orders that any further requests or motions filed by Plaintiff will be stricken since the time to file post-judgment motions under Fed. R. Civ. P. 59(e) has passed.

Dated:  February 28, 2018          s/Denise Page Hood
                                                     Chief, U.S. District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2018, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager